**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **STEVIE LEWIS F.K.A. STEVIE BOOHER**,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**PNC BANK, N.A., ET AL.**,<br><br>　　　　Defendant. | Case No. 3:17-cv-00220<br><br>Judge Thomas M. Rose<br>Magistrate Judge Michael Newman<br><br>**AGREED PROTECTIVE ORDER** |

　　　　The Court, recognizing that the Parties and their witnesses may possess private and confidential financial information or commercial information that may be subject to discovery in this action and that there is good cause for an Order providing confidential treatment for such confidential information, and the parties having agreed, hereby ORDERS as follows:

　　　　1.　　Any Party may designate information or documents produced or furnished by that Party or a third party during the course of this proceeding as "Confidential Information." A Confidential Information designation shall constitute a representation by the Party and its counsel that they, in good faith, believe that the material so designated contains or constitutes, at the time of the designation, commercial or business information, personal information, or other information of a non-public nature considered by the producing Party to be confidential and/or proprietary.

　　　　Any document or information that a Party deems to contain Confidential Information and that is furnished by such Party shall be conspicuously labeled by such Party on each page of such document with the designation "Confidential." If a Party deems any documents or information

furnished by a third party to contain Confidential Information, that Party shall designate such documents or information Confidential by informing the other Party in writing and identifying the specific documents and information it seeks to designate as Confidential.

2. A Party may designate information or documents produced or furnished by that Party or a third party during the course of this proceeding as "Confidential Customer Information – Attorneys' Eyes Only." A Confidential Customer Information – Attorneys' Eyes Only designation shall constitute a representation by the Party and its counsel that they, in good faith, believe that the material so designated contains or constitutes, at the time of the designation, Confidential Customer Information which includes without limitation, policies and procedures, customer and consumer information (including names, addresses, telephone numbers, account numbers, demographic, financial, and transactional information or customer lists and non-public personal information of consumers as defined by the Gramm-Leach-Bliley Act (Pub. L. 106-102), Section 628 of the Fair Credit Reporting Act, Section 216 of the Fair and Accurate Credit Transactions Act and any implementing regulations or guidelines).

Any document or information that a Party deems to contain Confidential Customer Information and that is furnished by such Party shall be conspicuously labeled by such Party on each page of such document with the designation "Confidential Customer Information – Attorneys' Eyes Only." If a Party deems any documents or information furnished by a third party to contain Confidential Customer Information, that Party shall designate such documents or information Confidential Customer Information by informing the other Party in writing and identifying the specific documents and information it seeks to designate as Confidential Customer Information.

Except upon the prior written consent of the designating party or upon further Order of this Court, documents and information designated Confidential Customer Information – Attorneys' Eyes Only may be disseminated or disclosed only to the following persons:

  (a) The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the instant action or any appeal therefrom; and

  (b) Counsel of record in this case, including both outside counsel and in-house lawyers, and other members of said counsel's respective law firms, clerical, paralegal, and secretarial staff regularly employed by such counsel.

3. Any Party may designate information or documents produced or furnished by that Party or a third party during the course of this proceeding as "Confidential Attorneys' Eyes Only." A Confidential Attorneys' Eyes Only designation shall constitute a representation by the Party and its counsel that they, in good faith, believe that the material so designated contains or constitutes, at the time of the designation, information that is especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, customer, and any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

Any document or information that a Party deems to contain Confidential Attorneys' Eyes Only information and that is furnished by such Party shall be conspicuously labeled by such Party on each page of such document with the designation "Confidential Attorneys' Eyes Only — Subject To A Protective Order." If a Party deems any documents or information furnished by a third party to contain Confidential Attorneys' Eyes Only information, that Party shall designate

such documents or information Confidential Attorneys' Eyes Only by informing the other Party in writing and identifying the specific documents and information it seeks to designate as Confidential Attorneys' Eyes Only.

Except upon the prior written consent of the designating party or upon further Order of this Court, documents and information designated Confidential Attorneys' Eyes Only may be disseminated or disclosed only to the following persons:

    (a)    The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the instant action or any appeal therefrom; and

    (b)    Counsel of record in this case, including both outside counsel and in-house lawyers, and other members of said counsel's respective law firms, clerical, paralegal, and secretarial staff regularly employed by such counsel.

4.    In the event a Party disagrees with the designation of Confidential Information by the other Party, the Parties shall try first to resolve such dispute in good faith before seeking intervention of the Court. If it is necessary to present the dispute to the Court for resolution, it shall be up to the Party opposing the designation to seek from the Court an order removing the disputed Confidential Information designation. Unless and until the Court shall issue a final ruling on any disputed Confidential Information designation, the material in question shall continue to be treated by all Parties as Confidential Information.

5.    Confidential Information, which herein includes any copies thereof, shall not be publicly disclosed or disseminated, directly or indirectly, by any person or entity with knowledge of this Protective Order except in accordance with the terms of this Protective Order. Confidential Information may be used only for the prosecution or defense of the above-captioned

proceedings, and not for any other pending or threatened proceeding, or any other purpose. Except as expressly permitted herein or by further order of the Court, all Confidential Information shall be maintained and kept by the other Party in this case in a confidential manner.

The following persons shall be the only persons permitted to have access to Confidential Information and such access shall be subject to the limitations set forth below:

(a) Counsel for the Parties, including both outside counsel and in-house lawyers, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this action;

(b) The Parties to this action and the officers, directors, or employees of the Parties who are actively participating, or supporting those who are actively participating, in the prosecution or defense of this action;

(c) Witnesses, potential witnesses, or consultants whom counsel for the Parties reasonably deem necessary for the preparation and trial of this action; provided, however, that these persons, prior to receiving any Confidential Information, shall first sign an Acknowledgment that reflects their commitment to preserve the confidentiality of all information so designated. Signed Acknowledgements shall be retained by lead counsel for each Party and further disclosed only by order of the Court, for good cause shown.

(d) Mediators enlisted by all Parties to assist in the resolution of this matter; and

(e) The Court and court reporters engaged to record depositions, hearings, or trials in this action.

6. If a Party inadvertently fails to designate a document or other information as Confidential Information, that Party may thereafter designate the document or other information as Confidential Information provided that the Party gives prompt, written notice of the desired designation to all Parties after discovery of any failure to designate. Thereafter, such document or information shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other Party.

Any inadvertent or unintentional disclosure by the Party supplying the Confidential Information (regardless of whether the information was so designated at the time of disclosure), or of documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the bank examination privilege, or any other applicable privilege, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or privilege, provided that the supplying Party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving notice of inadvertent disclosure, the receiving Party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing Party's claim either by the Court or by this Protective Order. The Parties intend for this paragraph to be interpreted to provide the maximum protection permitted by law.

Unless obvious, a receiving Party shall be entitled to rely on the absence of the "Confidential Information" designation, and shall not violate this Order by good faith disclosure of information during the time it was not designated as Confidential Information.

7. Nothing in this Protective Order shall prevent disclosures beyond the terms of this Protective Order by any Party compelled to disclose Confidential Information to any state or

federal regulatory agency. Said disclosure shall be made after reasonable Notice and leave of court.

8. If, in another action or proceeding, any Party in receipt of Confidential Information receives or has received a subpoena, summons, or demand which seeks Confidential Information, the Party receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel for the Party or Parties that produced and/or designated the Confidential Information and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, if the Party that produced the Confidential Information takes prompt action to resolve the dispute either voluntarily or through court proceedings if necessary.

9. To the extent documents designated as Confidential Information are used in the taking of depositions, such documents shall remain subject to the provisions of this Protective Order and shall be maintained under seal by the clerk or court reporter. Deposition testimony shall be deemed Confidential Information only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as Confidential Information and shall be made no later than ten (10) days after receipt of the transcript.

Before filing any information that has been designated Confidential Information with the Court, or filing any pleadings, motions, or other papers that disclose any such information, filing counsel shall confer with counsel for the Party that designated the information Confidential Information about how it should be filed. If the Party that designated the information Confidential Information desires that the materials be filed under seal, then the filing Party shall seek leave of Court to file a motion to file the documents under seal pursuant to S.D. Ohio Civ.

R. 5.2.1.  The Parties agree to cooperate in the filing of such motion for leave.  Upon obtaining leave of Court, the filing Party shall file the documents electronically using the ECF system as provided in S.D. Ohio Civ. R. 5.1.

10.     This Protective Order shall not apply to the disclosure of Confidential Information at the time of trial through the receipt of documents designated Confidential Information into evidence or through the testimony of witnesses.  The closure of trial proceedings and the sealing of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon motion of the Parties.

11.     This Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information for any purpose.

12.     Within thirty (30) days after the conclusion of this action or the final conclusion of any appeal taken from a final judgment in this action, the Confidential Information and all copies of the same which are not part of the public record or filed under seal with the Court, shall be returned to PNC Bank's undersigned counsel.

DATED: April 5, 2018               s/Thomas M. Rose
                                   JUDGE THOMAS M. ROSE


HAVE SEEN AND AGREED:

| | |
|---|---|
| */s Alicia Bond-Lewis* | ***Brian D. Flick* (per 3/12/18 e-mail)** |
| H. Toby Schisler, Esq. (0068306) | Brian D. Flick (0081605). |
| Alicia A. Bond-Lewis, Esq. (0087437) | Marc E. Dann (0039425) |
| DINSMORE & SHOHL, LLP | Daniel M. Solar (0085632) |
| 255 East Fifth Street, Suite 1900 | THE DANN LAW FIRM CO., L.P.A. |
| Cincinnati, Ohio 45202 | P.O. Box 6031040 |
| Phone: (513) 977-8200 | Cleveland, OH 44103 |
| Fax: (513) 977-8141 | bflick@dannlaw.com |
| toby.schisler@dinsmore.com | mdann@dannlaw.com |
| alicia.bond-lewis@dinsmore.com | *Counsel for Plaintiff* |
| **Attorneys for Defendant, PNC Bank, NA** | |

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served on the following parties of record this 15th day of March 2018:

Brian D. Flick, Esq.
Marc E. Dann, Esq.
Daniel M. Solar, Esq.
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, OH 44103
bflick@dannlaw.com
mdann@dannlaw.com
*Counsel for Plaintiff*

                                            /s/ Alicia Bond-Lewis

12377867v2